**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| TOSIN BALOGUN and ALEXANDRA MASON, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>ADVANCE MAGAZINE PUBLISHERS INC. d/b/a CONDÉ NAST,<br><br>Defendant. | Case No. 1:24-cv-07326-VSB<br><br>ORAL ARGUMENT REQUESTED |

**DECLARATION OF MATTHEW HOFFMEYER IN SUPPORT OF CONDÉ NAST'S MOTION TO COMPEL ARBITRATION AND DISMISS FIRST AMENDED COMPLAINT**

I, Matthew Hoffmeyer, pursuant to 28 U.S.C. § 1746, declare that the following facts are true and correct to the best of my information and belief:

1. I am employed at Advance Magazine Publishers, Inc. (d/b/a Condé Nast) as Vice President, Consumer Marketing. In that role, I am familiar with the layouts of Condé Nast's websites, including the Vogue website at www.vogue.com. Also, among my duties is seeing that appropriate processes are in place to monitor and update Condé Nast's marketing database and subscriber rolls to reflect choices made by subscribers and users.

2. At the request of counsel, I reviewed business records relating to Condé Nast's User Agreement published on Condé Nast's website on and around April 16, 2024.

3. From this review, I understand that prior to April 16, 2024, the most recent version of Condé Nast's User Agreement was dated April 27, 2023.

4. On April 16, 2024, Condé Nast updated the User Agreement. Exhibit 1 is a true and correct copy of Condé Nast's User Agreement dated April 16, 2024.

5. I understand from my review of the records that the only change between the April 27, 2023 and April 16, 2024 versions of the User Agreement was updating the arbitration provider from American Arbitration Association ("AAA") to National Arbitration and Mediation ("NAM"), and the rules from the AAA Consumer Arbitration Rules to the NAM Comprehensive Dispute Resolution Rules and Procedures.

6. The next time that Condé Nast updated the User Agreement was on July 30, 2024. Exhibit 2 is a true and correct copy of Condé Nast's User Agreement dated July 30, 2024.

7. During the time periods described above, Condé Nast's User Agreement was publicly available at https://www.condenast.com/user-agreement.

8. At the request of counsel, I also reviewed Condé Nast's business records pertaining to Plaintiffs Tosin Balogun and Alexandra Mason, including records relating to their subscriptions and/or registrations with Condé Nast and their accessing of the Condé Nast websites. To conduct this review, my team used email addresses for both Plaintiffs that I understand their counsel provided to Condé Nast.

9. Conde Nast's business records reflect that, on September 18, 2024, Ms. Balogun logged into the Vogue website, located at www.vogue.com.

10. I am generally familiar with user order and log-in flows on Condé Nast websites in connection with this matter and, at the request of counsel, I reviewed Condé Nast's business records relating to the design of the login page on the Vogue website Ms. Balogun would have seen when she logged in on September 18, 2024. Those records reflect that she would have logged in by entering her email address on the webpage shown here:




11. The text above the email address field states, "By continuing, including through our platform partners, you agree to our User Agreement (including class action waiver and arbitration provisions) and acknowledge our Privacy Policy." Each underlined phrase is a hyperlink that leads to the relevant agreement on Condé Nast's website: "User Agreement" links to https://www.condenast.com/user-agreement; class action waiver and arbitration provisions links to https://www.condenast.com/user-agreement#introduction-arbitration-notice; and Privacy Policy links to https://www.condenast.com/privacy-policy.

12. In addition, on virtually every page to which a user could navigate on the Vogue website, there appeared hyperlinks that similarly linked to the User Agreement.

13. On September 18, 2024, Condé Nast's User Agreement was the version dated July 30, 2024.

14. Conde Nast's business records reflect that Ms. Mason purchased print subscriptions to Vogue and Bon Appetit from a third party, and not from Condé Nast directly.

I declare under penalty of perjury under the laws of the United States of America that the foregoing statements are true and correct to the best of my knowledge, information, and belief.

Dated: February 4, 2025

Matthew Hoffmeyer