JANOVE PLLC

Raphael Janove
Shareholder
raphael@janove.law

www.janove.law
T 646-347-3940

500 7th Ave., 8th Fl.
New York, NY 10018

1617 John F. Kennedy Blvd., 20th Fl.
Philadelphia, PA 19103

979 Osos St., Ste. A5
San Luis Obispo, CA 93401

October 3, 2025

**VIA ECF**

Hon. Vernon S. Broderick
United States District Court
Southern District of New York
Thurgood Marshall United States Courthouse
40 Foley Square, Room 415
New York, NY 10007

**Re: *Balogun v. Advance Magazine Publishers Inc.*, Case No. 1:24-07326-VSB**

Dear Judge Broderick:

I represent Plaintiffs in the above-captioned case and write in response to Defendant's letter submitting supplemental authorities (ECF No. 31, the "Ltr."), arguing for dismissal of Plaintiffs' Video Privacy Protection Act ("VPPA") claim.

Plaintiffs bring three claims against Defendant based on its refusal to comply with the arbitration clause it drafted and imposed on Plaintiffs and other consumers: breach of contract, relief and sanctions under California S.B. 707, and deceptive acts and practices under N.Y. Gen. Bus. Law § 349. *See* FAC, ECF No. 18 (Counts I-III). In the alternative, Plaintiffs also bring one claim for a violation of the VPPA. *See* FAC Count IV. Defendant moved to dismiss the complaint, but did not challenge the sufficiency of the VPPA allegations other than arguing that the VPPA count was impermissibly pled in the alternative. *See* ECF No. 24 at 25.

Defendant now challenges the sufficiency of the VPPA allegations for failure to state a claim under the "ordinary person standard," adopted by the Second Circuit after the motion to dismiss was filed. *See Solomon v. Flipps Media, Inc.*, 136 F.4th 41 (2d Cir. 2025). While Plaintiffs acknowledge that *Solomon*—to the extent the Supreme Court does not grant the pending *certiorari* petition and ultimately reverses the Second Circuit's decision—forecloses Plaintiffs' VPPA claim based on allegations regarding the Meta pixel, Plaintiffs' allegations nonetheless state a VPPA theory.

Unlike the allegations at issue in your Honor's decision in *Taino v. Bow Tie Cinemas, LLC*, No. 23-CV-5371 (VSB), 2025 WL 2652730 (S.D.N.Y.) Sept. 16, 2025) (Broderick, J.), Plaintiffs' allegations are *not* "essentially identical allegations to the allegations made by the plaintiff in *Solomon*." *see id.* at *8. Rather, Plaintiff's allegations go beyond just the Meta Pixel.

Plaintiffs allege that Defendant's privacy policy confirms that it collects personal information and information about users' interactions on Defendant's websites for the purposes of "online behavioral advertising." *See* FAC ¶ 71. And in turn, Plaintiffs allege that Defendant discloses such interaction data for lucrative business purposes, including the "high-value audience targeting" available via its Spire advertising platform. *See id.* ¶ 81. These allegations provide "circumstantial evidence to infer that [Defendant] disclosed customer information in a non-VPPA-complaint manner." *See Burdette*

JANOVE PLLC

*v. FuboTV Inc.*, No. 23 C 10351, 2024 WL 2831466, at *4 (N.D. Ill. June 4, 2024). The current complaint therefore states a claim under the VPPA, notwithstanding *Solomon*.

Further, to the extent that after the Court decides the pending motion to dismiss and motion to compel arbitration, the Court is not satisfied with the current VPPA allegations—as Plaintiffs' allegations focused on the Meta pixel VPPA theory in line with then-prevailing authority in this district—Plaintiffs respectfully request that the Court grant leave to amend the complaint.

In light of *Solomon*, on amendment, Plaintiffs would allege additional "circumstantial evidence" to satisfy the "ordinary person" standard. *See Burdette*, 2024 WL 2831466 at *3-4. For instance, Defendant's privacy policy admits that it collects data that "would presumably permit an ordinary person to identify a subscriber," including: "Identifiers (such as name, address, email address) ... demographic information (age); location information ..." *See id.* at *4 (alterations in original); Condé Nast Privacy Policy (last updated July 6, 2023)[1] (referencing collection of "Identifiers, such as your name, signature, postal address, zip code, email address, telephone number, unique online identifier, IP address, user ID, device ID, or similar identifier"; "Geolocation data, such as the general physical location of your device" and discussing disclosure of information to third parties). Thus, regardless of *Solomon*, Plaintiffs' VPPA claims can proceed.

Sincerely,

*/s/ Raphael Janove*

Raphael Janove

[1] https://web.archive.org/web/20231031225401/https://www.condenast.com/privacy-policy#how-we-disclose-information